FILED
97 MAR 18 AM 9:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

DAVID L. TRIGGS,  }
    Plaintiff,  }
      }
v.  }   CASE NO. CV 96-B-1723-J
      }
JOHN CRUMP TOYOTA, INC.,  }
WORLD OMNI FINANCIAL  }
CORPORATION,  }
    Defendants.  }

ENTERED
MAR 18 1997

## MEMORANDUM OPINION

Currently before the court is the plaintiff's Motion to Remand this action to state court. After consideration of the record, the submissions of the parties, the argument of counsel and the relevant law, the court is of the opinion that this motion is due to be denied.

Plaintiff filed his original complaint in state court in Walker County, Alabama alleging a class action against defendants for breach of contract, fraud, outrage, and unconscionable activity. Defendants removed the case to this court on July 3, 1996 on the grounds that the court had subject matter jurisdiction on the basis of diversity of citizenship between the parties. Plaintiff seeks remand of this action on the theories that the parties are not completely diverse and that the defendants' removal was untimely.

## BACKGROUND

Plaintiff filed his initial complaint in the Circuit Court for Walker County on January 30, 1996. Following defendants' motion to dismiss, the state court dismissed Counts I ("Breach of Contract"), III ("Outrage"), and IV ("Unconscionable") of plaintiff's complaint, required a more definite statement as to the fraud count (Count II), and required amendment of the complaint to

"more clearly define" the class that plaintiff sought to represent. On June 4, 1996, plaintiff filed his Amended Complaint, and on July 3, 1996, defendants filed their Notice of Removal of this action to federal court.

Plaintiff seeks to represent two "subclasses" in this action. The first subclass includes all people who in the last twenty years entered into a lease transaction within the State of Alabama with World Omni Financial Corp., formerly known as World Omni Leasing, Inc., ("World Omni") or its predecessors or successors ("World Omni subclass"). (Amended Compl., Count V.) Additionally, plaintiff seeks to represent a class that includes all persons who in the last twenty years entered into a lease transaction for a motor vehicle with John Crump Toyota, Inc. ("Crump") anywhere in the State of Alabama ("Crump subclass"). (*Id.*) Since the dismissal of some of plaintiff's allegations by the Circuit Court of Walker County, the only remaining substantive allegation is that the defendants defrauded plaintiff and the putative class by misrepresentation and suppression of material facts. (Compl. and Amended Compl., Count II.)

Plaintiff is a citizen and resident of the State of Alabama. World Omni is a corporation organized and existing under the laws of the State of Florida with its principal place of business in Florida. Crump is a corporation organized and existing under the laws of the State of Alabama.

World Omni entered the leasing field in 1988. From 1988 to July 1, 1996, World Omni entered into approximately 17,108 leases in the State of Alabama of the sort described in the present action. (Affidavit of Alan Browdy[1] ("Browdy Aff.") ¶ 4.) Of those leases, Crump was

---

[1] Alan Browdy is the Vice President, Accounting, Corporate Controller of World Omni. In that capacity, he has responsibility for all of the accounting functions of World Omni. (Browdy Aff. ¶¶ 1-2.)

2

involved in 371, approximately two percent.[2] (*Id.*)

## DISCUSSION

Plaintiff's first basis for remand was that defendants' removal of this action was untimely. Plaintiff has conceded, however, that his own objection to removal on this basis was not timely filed, and, therefore, this ground for remand has been waived by the plaintiff.[3] In fact, the plaintiff formally withdrew this ground for remand in a letter to the court. Consequently, the alleged untimeliness of the defendants' removal is not a valid basis for remand of this action.

Plaintiff's second basis for remand is that this court lacks subject matter jurisdiction because complete diversity between the parties does not exist. To this end, plaintiff asserts that defendant Crump is a citizen of Alabama for purposes of determining diversity jurisdiction and plaintiff is a citizen of Alabama. Therefore, according to plaintiff, diversity of citizenship does not exist. Defendants counter plaintiff by asserting that Crump was fraudulently joined to defeat diversity jurisdiction and, therefore, should not be considered for purposes of determining diversity. The court is of the opinion that Crump was fraudulently joined as to the vast majority of potential plaintiffs and that the court does have diversity jurisdiction. Therefore, plaintiff's motion to remand is due to be denied.

---

[2] According to the allegations in the Amended Complaint, World Omni was involved in all of the transactions in which plaintiff alleges Crump committed fraud. (Amended Compl., Count II.)

[3] Plaintiff filed his Motion to Remand on August 5, 1996. Under 28 U.S.C. § 1447(c) (1994), a motion to remand on the basis of a defect in the removal procedure must be filed within 30 days of the notice of removal. Defendants filed their Notice of Removal on July 3, 1996. Therefore, plaintiff's Motion to Remand was untimely as to any defect in the removal procedure.

I. Diversity Jurisdiction

Under 28 U.S.C. § 1332, a federal district court has original jurisdiction (diversity jurisdiction) over all civil actions where the amount in controversy exceeds $50,000.00 and the action is between citizens of different states. 28 U.S.C. § 1332(a) (1994).[4] Unless otherwise provided by Congress, a civil action brought in state court over which a federal district court has original jurisdiction may be removed by the defendants to federal district court. 28 U.S.C. § 1441(a) (1994). Where jurisdiction is based solely on diversity of citizenship, the plaintiffs and the defendants must be *completely* diverse--i.e., all plaintiffs must be diverse from all defendants-- for the action to be removable. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996) (citations omitted). Furthermore, under 28 U.S.C. § 1441, if one of the defendants in a diversity case is a resident of the state in which the action was brought, the action is not removable. 28 U.S.C. § 1441(b) (1994).

For purposes of determining diversity jurisdiction, defendant World Omni is a citizen of Florida. *See* 28 U.S.C. § 1332(c) (1994). Plaintiff argues, however, that complete diversity does not exist in the present action because both plaintiff and defendant Crump are citizens of Alabama for purposes of determining diversity jurisdiction. Defendants contend, however, that Crump has been fraudulently joined and that its citizenship should not be considered when determining whether or not the court has diversity jurisdiction.

---

[4] As of January 17, 1997, the jurisdictional amount increased to $75,000. *See* Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 205, 110 Stat. 3847, 3850 (codified as amended at 28 U.S.C.A. § 1332 (West, WESTLAW 1996)). Because the present action was filed prior to this effective date, the relevant amount in controversy is $50,000 for purposes of the case at bar.

Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity and the residency provision under 28 U.S.C. § 1441(b). Even if complete diversity is absent, "an action may nevertheless be removable if the joinder of the non-diverse parties is fraudulent." *Tapscott*, 77 F.3d at 1359. Thus, a plaintiff may not fraudulently join a nondiverse or resident defendant simply to avoid removal of a case and the exercise of diversity jurisdiction by a federal district court. To establish fraudulent joinder, the removing party must show either that "there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant" or "that there has been outright fraud in the plaintiff's pleading of the jurisdictional facts." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983) (citations omitted); *accord Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989) (citation omitted). Where a defendant is fraudulently joined, its citizenship and residency are not to be considered when determining diversity jurisdiction. *See Coker*, 709 F.2d at 1440.

In the case at bar, defendants have not alleged outright fraud in the pleading of jurisdictional facts. Rather, the defendants argue that Crump's joinder is fraudulent because the majority of the plaintiffs have no possibility of establishing a cause of action against Crump. The Eleventh Circuit stated in *Coker*, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41. As the defendants point out, however, if there is no possibility that the plaintiff can state a claim against a defendant, the joinder of that defendant was fraudulent.

5

The inquiry into the issue of fraudulent joinder in the present case is complicated by the fact that the case at bar is a potential class action. Defendant Crump was involved in transactions relevant to this case with a relatively small number of the members of the putative class. Specifically, Crump dealt with 371 out of 17,108 potential class members. As stated above, this represents roughly two percent of the transactions potentially involved in this litigation. Thus, ninety-eight percent of the potential plaintiffs were not involved in any transactions with Crump, and those plaintiffs have no possibility of stating a claim against Crump. The remaining members of the putative class were involved in lease transactions with Crump and have at least the possibility of stating a claim against Crump. The question, therefore, is what application the doctrine of fraudulent joinder has to this situation.

The Eleventh Circuit has not addressed the issue before the court, and the federal district courts have expressed a difference of opinion as to the proper resolution of this issue. The court is not unwilling to revisit an issue where binding precedent has not been established. Therefore, despite having ruled adversely to plaintiff on this issue in the past,[5] the court will address it in detail again.

Plaintiff makes much of the argument, for which there is substantial precedent, that the citizenship of only the named plaintiff or plaintiffs should be considered when determining the existence or non-existence of diversity jurisdiction. The court is aware of this precedent and agrees with the plaintiff that the **citizenship** of only the named plaintiffs is relevant when

---

[5] *See, e.g., Warren v. Playmobil U.S.A., Inc.*, No. CV-95-B-1591-S (N.D. Ala. March 19, 1996); *Kizzire v. General Motors Corp.*, No. CV-95-B-1322-J (N.D. Ala. March 19, 1996).

6

determining diversity jurisdiction. *See Snyder v. Harris*, 394 U.S. 1025 (1969); *In re School Asbestos Litigation*, 921 F.2d 1310 (3d Cir. 1990), *cert. denied*, 499 U.S. 976 (1991). The present inquiry, however, is not concerned with the citizenship of the plaintiff. The question before the court is whether the citizenship of the defendant against which 98% of the putative class has no possibility of bringing a claim should be considered for purposes of determining diversity jurisdiction.

Plaintiff's argument does highlight the ultimate issue before the court. This question is whether the claims of the named plaintiff alone or the claims of the unnamed plaintiffs as well should be considered when determining the existence of fraudulent joinder. In essence, plaintiff has argued that the court should look only to the named plaintiff when evaluating whether or not Crump's joinder was fraudulent and that if Crump was not fraudulently joined vis-a-vis this plaintiff, then it was not fraudulently joined with regard to any plaintiff. Resolution of this ultimate issue will determine the outcome of the plaintiff's motion. The named plaintiff has a possible claim against Crump. Ninety-eight percent of the unnamed plaintiffs do not have a possible claim against Crump. If the court considers only the named plaintiff, then Crump was not fraudulently joined, and the case at bar is due to be remanded. If, however, the court should also consider the unnamed plaintiffs, then the court is of the opinion that Crump was fraudulently joined, and the motion to remand is due to be denied.

It is important to note exactly what is at stake here. Of the 17,108 potential class members, 371 have possible claims against Crump. Therefore, 16,737 potential class members have no possible claim against the resident defendant. If any of these plaintiffs were individually to sue these two defendants, Crump would be fraudulently joined without a doubt. Similarly, if

7

any of the 371 potential plaintiffs that do have potential claims against Crump were to bring an individual action, Crump would not be fraudulently joined in that action. The nature of the case at bar as a potential class action complicates the analysis of what is sometimes a straightforward question.

The Eleventh Circuit recently addressed the issue of fraudulent joinder in *Tapscott v. MS Dealer Service Corp*. Although *Tapscott* is too factually dissimilar from the case at bar to provide the court with specific guidance, it does reiterate at least one important principle with regard to fraudulent joinder: a "'defendant's **right** of removal cannot be defeated by fraudulent joinder . . . .'" *Tapscott*, 77 F.3d at 1360 (emphasis added). While a number of cases have stated that removal statutes are to be construed narrowly, it is still the right of a defendant to have its case heard in federal court where the parties are diverse. Applied to this case, defendant World Omni has a right to have the claims of the 16,737 potential plaintiffs who are not in the "Crump subclass" heard in federal court. The doctrine of fraudulent joinder exists to support this right by preventing plaintiffs from avoiding diversity jurisdiction by joining resident defendants against which the plaintiffs have no claim. Here, the vast majority of plaintiffs have no claim against the resident defendant. If the court were to refuse to consider the claims of the unnamed plaintiffs, World Omni would be denied its right to have its case with respect to these plaintiffs heard in federal court.

As noted above, plaintiff argues that the court should consider only the claims of the named plaintiff in resolving this issue. This argument, however, misses the fact that district courts are sometimes required to evaluate the claims of unnamed class members when determining diversity jurisdiction. For example, with regard to the amount in controversy requirement, each

8

plaintiff, named and unnamed, must surpass the $50,000.00 threshold for diversity jurisdiction to exist.[6] *See Tapscott*, 77 F.3d at 1357 n.9 (citations omitted); *Lindsey v. Alabama Tel. Co.*, 576 F.2d 593, 594 (5th Cir. 1978) (citations omitted). After careful consideration of the arguments from both sides, the court concludes that it is proper to consider the claims of the unnamed class members when determining the existence of fraudulent joinder, and the court will do so here. Therefore, the court is of the opinion that Crump was fraudulently joined as to the 16,737 plaintiffs that have no claim against it, and the motion to remand is due to be denied with respect to those plaintiffs.

In addition, prior decisions of this court and other district courts in the Eleventh Circuit are consistent with the court's decision today. *See, e.g., Warren v. Playmobil U.S.A., Inc.*, No. CV-95-B-1591-S (N.D. Ala. March 19, 1996); *Kizzire v. General Motors Corp.*, No. CV-95-B-1322-J (N.D. Ala. March 19, 1996); *Chastang v. Metropolitan Life Ins. Co.*, No. CV-95-1040-BH-C (S.D. Ala. March 7, 1996); *Arnold v. Ford Motor Co.*, No. CV 95-PT-0073-M (N.D. Ala. May 2, 1995). In *Arnold*, the named plaintiff sued Pollack Ford (a local dealership) and Ford Motor Company on behalf of all persons who had purchased a certain type of Ford pickup truck. Only 14 members of the putative class had potential claims against Pollack Ford, and 120,000 members of the putative class had potential claims against Ford Motor Company. *Arnold*, No. CV-95-PT-0073-M. The court held that the joinder of Pollack was fraudulent as to most of the class and denied the motion to remand. *Id.* In *Warren*, the plaintiff sued Playmobil U.S.A., Inc. and Homewood Toy and Hobby Shop, Inc. (a local toy store). Citing *Arnold*, this court held that

---

[6] The court in *Tapscott* established that punitive damages may be aggregated in some cases. This is not the question before the court, however, so the court will not address it further.

9

the joinder of Homewood Toy and Hobby was fraudulent for similar reasons and denied the motion to remand. *Warren*, No. CV-95-B-1591-S. In *Chastang*, over 99% of the putative class did not have a claim against the nondiverse defendant. *Chastang*, No. 95-1040-BH-C. The court held that the joinder of that defendant was "fraudulent on its face" and denied the motion to remand. *Id*. Although only a small percentage of the putative class had a potential claim against the non-diverse defendant, the court held that "[t]he appropriate consideration . . . is not to what extent (or mathematical degree) fraudulent joinder exists, but whether it exists at all. If it does exist, then the fraudulently joined defendant must be disregarded for diversity of citizenship purposes." *Id*.

None of the above cases is binding precedent on the court, but after careful reconsideration of this issue, the court is of the opinion that its prior decisions and the decisions of the other courts cited above are sound. The court is aware that some district courts in the Eleventh Circuit, including courts in this district, have granted motions to remand in cases not unlike the one at bar, but after examining the opinions in those cases, the court declines to follow the reasoning of those courts. *See, e.g., Naef v. Masonite Corp.*, 923 F. Supp. 1504 (S.D. Ala. 1996); *Helm v. H & R Block, Inc.*, No. CV 96-P-2083-S (N.D. Ala. Nov. 27, 1996); *Jackson v. Franklin Life Ins., Co.*, No. CV 96-N-2768-W (N.D. Ala. Nov. 26, 1996).[7]

Finally, plaintiff makes a number of additional arguments in support of his motion to remand. First, he asserts that the court's decision today will "significantly expand[]" diversity

---

[7] The court has also considered the recent case cited by plaintiff, *Ren-Dan Farms, Inc. v. Monsanto Co.*, No. CIV. A. 96-2659, 1997 WL 26758 (W.D. La. Jan. 23, 1997), in which the court declined to adopt the reasoning of *Arnold v. Ford Motor Company*.

jurisdiction.  While the court recognizes that the removal statute is to be narrowly construed, it also is aware that the diverse defendant in this case, World Omni, has the right to have its case heard in federal court as against over 16,000 of the members of the putative class.  Granting this defendant that right is not significantly expanding diversity jurisdiction.  Second, plaintiff contends that only the citizenship of the named plaintiff is to be considered.  As stated above, while it is true that the citizenship of the only the named plaintiff is relevant, the **claims** of all the potential plaintiffs are to be considered.  Finally, the plaintiff argues that the court's approach would "essentially federalize all class actions" because a plaintiff would have to name "every resident agent of a nonresident principal" to prevent the removal of the case.  The court disagrees that its decision today will federalize all class actions.  A plaintiff is the master of his or her complaint and may limit or expand the class he or she purports to represent.  If a plaintiff wants to sue a nonresident principal on behalf of an expansive class of all people who dealt with that principal, then the plaintiff may need to join all resident agents to have the case remain in state court.  This goes to the right of diverse nonresident defendants to have their cases heard in federal court in the absence of a properly joined nondiverse or resident defendant.  Additionally, the plaintiff may limit the class to only those persons who dealt with the principal through a particular agent if the plaintiff wants to assert claims only against the principal and that agent and have the case be heard in state court.  Where a plaintiff brings claims on behalf of a large number of potential plaintiffs who have no claim against a nondiverse or resident defendant, a diverse nonresident defendant has a right to have those claims heard in federal court.  This court will not prohibit those claims from being so heard.

## II. Supplemental Jurisdiction

Defendant Crump's joinder in the present action was not fraudulent as to the "Crump subclass"--the 371 plaintiffs who dealt with Crump and have potential claims against Crump. The court does not have diversity jurisdiction over those potential plaintiffs. The court may exercise supplemental jurisdiction, however, over these plaintiffs who have potential claims against both Crump and World Omni. Under 28 U.S.C. § 1367, unless otherwise provided, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a) (1994). The claims of the plaintiffs with potential claims against Crump are so related that they form part of the same case or controversy, and none of the exceptions to the rule stated here is applicable. Therefore, the court has supplemental jurisdiction over the claims of those plaintiffs. Again, this conclusion is consistent with the decisions in *Arnold* and *Warren* and the other similar cases cited above.

## CONCLUSION

For the reasons stated above, the court has diversity and supplemental jurisdiction over the case at bar, and plaintiff's motion to remand is due to be denied. An order in accordance with this opinion will be entered contemporaneously herewith.

DONE this 18th of March, 1997.

**SHARON LOVELACE BLACKBURN**
United States District Judge